**RBS** IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND, and JOSEPH J. SAMOLEWICZ, :  :  :  : | |
| Plaintiffs, : | CIVIL ACTION No. 02-3851 |
| v. : | |
| TEAMSTERS LOCAL UNION NO. 771, : | |
| Defendant. : | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and federal common law, 29 U.S.C. § 1331.

2. Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, the operative employee benefit plan is administered in this District, pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. § 1391(a), because Plaintiffs' claims arose in this District.

## PARTIES

3.  Plaintiff Central Pennsylvania Teamsters Pension Fund ("Pension Fund") is both an "employee pension benefit plan" within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the meaning of ERISA Section 3(37), 29 U.S.C. § 186(c)(5). The Pension Fund is administered by Trustees in accordance with LMRA Section 302(c)(5) and exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Pension Fund maintains its office at 1055 Spring Street, P.O. Box 15223, Wyomissing, PA 19612-5223.

4.  Plaintiff Joseph J. Samolewicz ("Samolewicz") is the Administrator of the Pension Fund. He is a fiduciary of the Fund within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and he is authorized to bring this action on the Fund's behalf.

5.  Defendant Teamsters Local Union No. 771 ("Local 771") is a labor organization, an unincorporated association commonly known as a labor union, and a Contributing Employer to the Pension Fund that maintains its principal place of business at 1025 North Duke Street, Lancaster, PA 17602.

## ALLEGATIONS

6.  For years, Local 771 has been a party to a series of participation agreements with the Pension Fund, which agreements have obligated Local 771 to make prompt monthly contributions to the Pension Fund on behalf of its employees.

PHDATA:1015225

7. Local 771 has breached its obligation under the governing participation agreement by failing to pay certain of the contributions due the Pension Fund under that agreement.

8. At the filing of this Complaint, Local 771 remains delinquent in the contributions and interest owed to the Pension Fund.

WHEREFORE, Plaintiffs pray the Court to grant them the following:

(a) a judgment against Local 771 for the contributions and prejudgment interest owed to the Pension Fund,

(b) liquidated damages,

(c) attorneys' fees and costs,

(d) a permanent injunction prohibiting Local 771, its officers, directors, employees, and agents, from any future violations of ERISA or the LMRA with respect to the Pension Fund, and

(e) such other relief as the Court finds appropriate.

_____
Frank C. Sabatino (I.D. No. 30147)
Attorney for Plaintiff

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

of Counsel